[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10275
Non-Argument Calendar

_____

D. C. Docket No. 8:09-cr-00038-VMC-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL DAVID MORMAN, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 18, 2012)

Before PRYOR, FAY and EDMONDSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Paul David Morman III appeals his 60-month sentence for distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Mormon argues that the district court erred by sentencing him to the mandatory minimum in effect at the time of his crime instead of the mandatory minimum provided in the Fair Sentencing Act of 2010 ("FSA").

Morman's offense conduct -- the sale of 24.6 grams of cocaine base to a confidential source -- occurred in 2008; his sentencing hearing was held on 5 January 2011. The FSA had an effective date of 3 August 2010. Morman argued at his sentencing hearing and argues again on appeal that he is entitled to the benefit of the FSA's reduced mandatory minimums. Under the changes effected by the FSA, the 24.6 grams of cocaine base would not trigger the 5-year mandatory minimum that was applied to him at sentencing. *Compare* 21 U.S.C. § 841(b)(1)(B)(iii) (2010) (prescribing 5-year mandatory minimum for 28 or more grams) *with* 21 U.S.C. § 841(b)(1)(B)(iii) (2008) (triggering a 5-year mandatory minimum for 5 or more grams).

The Supreme Court's recent decision in <u>Dorsey v. United States</u>, 132 S.Ct. 2321 (2012), is decisive for the issue raised in this appeal. In <u>Dorsey,</u> the Supreme

Court "conclude[d] that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." Id. at 2335.  Under Dorsey, the more lenient mandatory minimums set out in the Fair Sentencing Act apply to Morman's post-Act sentencing for pre-Act offense conduct.  We vacate Morman's sentence and remand for resentencing consistent with Dorsey.

VACATED AND REMANDED.